McKinney, J.
delivered the opinion of the court.
This is a case of forcible entry and detainer commenced before three justices of the peace, under the act of 1842, chapter 86, by the defendant in error, against the plaintiff in error. Verdict and judgment were in favor of the plaintiff in the action; and the case was removed into the Commercial and Criminal Court of Memphis, by certiorari, which at the ensuing term of the court was dismissed for the supposed want *674 of merits upon the face of the petition; and thereupon the defendant prosecuted an appeal in error to this court. Subsequent to the appeal, and prior to the last term of this court, the plaintiff in error died, and his death having been suggested, a scire facias was issued returnable to the present term, to revive the appeal in the name of his personal representative; and a motion to that effect is now made by the counsel of the plaintiff in error. Can this motion be allowed ? We think it very clear that it cannot. It is true, the act of 1842, ch. 40, which provides, that appeals and writs of error pending in this court, may be revived, by scire facias, at the instance of either party, is very general and comprehensive in its terms; and at first view might seem to embrace this, as well as all other cases; but such, obviously, is not the proper construction of the statute. It declares “ that in all cases now pending in the Supreme Court, or which may hereafter' be taken by appeal or otherwise to said court; and in all cases of appeal from an inferior to a superior jurisdiction, where the appellant shall have died, or shall die subsequent to the appeal or writ of error, and before the final determination of such cause by the Supreme Court or other court to which the appeal or writ of error shall have been taken, such cause or causes shall not abate on the failure or neglect of the representatives of such deceased person to come in and revive the same ; but in every such case, it shall be lawful for the appellee, at any time before the lapse of two terms from the death of such decedent, to come in and revive the same; and in every such case the appellee may have a scire facias against the executor, administrator, or heirs, or devisees of such decedent; and the said superior or supreme court, to which the appeal or writ of error is *675 taken, may thereupon proceed to revive the cause and to determine tbe same according to right and justice. In like manner said appeal or writ of error may be revived by the appellant, where the adverse party shall have died.” The sole object of this statute, is to confer upon the surviving party in the cause, the right to revive the appeal or writ of error, pending in the Supreme Court, upon the neglect or failure of the representatives of the deceased party to do so, nothing more. And its application, must therefore, necessarily be confined to such cases only as by the existing law were, or are, subject to be revived. It was not intended to enlarge or to extend the right of revivor to any new case or cases; and hence, in virtue of its provisions, only such cases can be revived in the Supreme Court as, under the previously existing la^v, might have been revived in the inferior tribunals. And this leads to the consideration of the act of 1836, ch. 77, which has been supposed to authorise an action of forcible entry and detainer, or of forcible of unlawful detainer, to be revived. By that act, it is provided that “when any person may depart this life, by or against whom an action of detinue or trover, or any civil action, whether the same be founded on wrongs or contracts, except actions for wrongs affecting the person or character of the plaintiff, may have been commenced, it shall be lawful to renew such suit by, or against the personal representative of such decedent, subject to the same rules, regulations and restrictions that actions founded upon contracts are renewed by the existing laws.” This statute manifestly applies only to personal actions, and has no application to either real or mixed actions. It authorises a revivor only in favor of, or against the personal representative; not against the heir *676 or devisee, who are the representatives of the realty. But the action of forcible entry and detainer, or of forcible or unlawful detainer, as modified by our statutes, is not a personal but a mixed action. The plaintiff, if entitled to a recovery, is tó recover by the verdict and judgment, not merely the possession of the premises in controversy, but rent and damages likewise. How, then, can there be a revivor in such case? Upon the death of the plaintiff, pending the suit, the title to the premises in dispute is cast by operation of law upon the real, and the right to rents and damages upon the personal representative of the deceased. It is too clear, therefore, to admit of doubt, that the judgment required by the statute to be rendered in such cases, cannot be rendered in favor of either the personal or real representatives; not in favor of the former, because he does not represent the realty, so as to entitle him to recover and to be reinstated in the possession thereof; nor in favor of the latter, because he cannot recover the rents and damages. A revivor in favor of both, would be indispensible if revived at all; but this is wholly unauthorised, and would be alike anomalous and absurd. Difficulties perhaps not less numerous, nor insuperable, lie in the way of a revivor upon the death of the defendant in the potion. We hold, therefore, that upon the death of either party in such cases, at any stage of'the progress of the case, the suit cannot be revived by or against either the personal or real representatives, but must abate.
The appeal in this case, will accordingly abate.